**Jarell SANDERSON, Plaintiff,**

v.

**Mark BUCHANON, et al., Defendants.**

**Civil No. 3:06cv778 (JBA).**

United States District Court,
D. Connecticut.

March 24, 2008.

Jarell Sanderson, Brooklyn, CT, pro se.

Richard T. Couture, Attorney General's Office, Hartford, CT, for Defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JANET BOND ARTERTON, District Judge.

Plaintiff Jarell Sanderson, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was provided constitutionally inadequate medical care while housed at the Carl Robinson Correctional Institution ("CRCI"), a state facility in Enfield, Connecticut. Sanderson named as defendants Dr. Mark Buchanan,[1] the

---

1. The case caption reflects a different, and presumably incorrect, spelling of Dr. Buchan-

Clinical Director of the Correctional Managed Health Care Program; Rob Durkcel, a medical supervisor; Agnes Gergely, a Registered Nurse at CRCI; and Bruce Cuscovitch, the CRCI Warden. Defendants have moved for summary judgment on the basis that (1) Plaintiff's constitutional rights were not violated, (2) Defendants are entitled to qualified immunity, (3) Defendants are entitled to state statutory immunity, (4) Buchanan and Cuscovitch had no involvement in Plaintiff's medical treatment, and (5) there is no employee at CRCI named Rob Durkcel. Because the Court concludes that there is no evidence of a constitutional violation on this record, Defendants' Motion for Summary Judgment [Doc. # 18] is granted.

## I. Standard

Summary judgment is appropriate where the record after discovery "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if it could lead "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant "need not prove a negative," but "need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir.2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-moving party, in order to defeat summary judgment, must then come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. But if the record as a whole, viewed in the light most favorable to the non-moving party, "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment should follow. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation marks omitted).

## II. Factual Background

On March 13, 2006, Sanderson reported to the medical unit at CRCI complaining of abdominal pain, heartburn, and an upset stomach. He was examined by Nurse Gergely, who noted that Plaintiff had been previously diagnosed with H. pylori, a bacterial infection of the digestive tract which can affect the protective coating of the stomach and cause an ulcer. Gergely gave him Pepto–Bismol to be taken as needed. Plaintiff experienced more severe symptoms over the next few days, which led medical staff to prescribe antibiotics and a stomach acid suppressor. Further examinations over the next two months, including an upper GI series in May 2006, showed no significant abnormalities. Sanderson alleges that this course of treatment was improper due to his history of stomach ulcers and because, as he read on the Pepto–Bismol label, Pepto–Bismol should not be administered to someone with "an ulcer or bleeding problem or bloody and black stool." (Am. Compl. at 4.) Defendants contend that there is no evidence in Plaintiff's medical history showing a previous ulcer diagnosis, that Plaintiff did not mention any such history to Gergely when she gave him Pepto–Bismol, and that his treatment was both appropriate and effective.

an's last name.

### III. Discussion

■ Prisoners are entitled to medical care during incarceration which meets a minimum constitutional standard. *Farmer v. Brennan,* 511 U.S. 825, 830, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 296–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). As the Supreme Court recognized in *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), "deliberate indifference to a prisoner's serious illness or injury" is impermissible under the Eighth Amendment and may serve as a basis for a § 1983 claim. Mere negligence will not support § 1983 liability, however; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." *Smith v. Carpenter,* 316 F.3d 178, 184 (2d Cir.2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." *Id.* To prevail on such a claim, a plaintiff must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. The requisite level of carelessness may be met by a showing that prison personnel intentionally denied or impeded a plaintiff's access to necessary medical treatment; but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 104–06, 97 S.Ct. 285; *see also Salahuddin v. Goord,* 467 F.3d 263, 279–81 (2d Cir.2006) (explaining that prison care is constitutionally deficient if (1) the prisoner was "deprived of adequate medical care" for a "sufficiently serious condition" and (2) "the charged official [acted] with a sufficiently culpable state of mind.").

■ Applying these principles to the record before the Court, there is no evidence of any deliberate indifference to Sanderson's serious medical needs while at CRCI. In opposing summary judgment, Sanderson emphasizes his history of stomach pain (including his symptoms while at a previous prison facility), the three weeks he claims he waited before being treated, and his belief that he had an ulcer in March 2006. Plaintiff characterizes the Defendants' unconstitutional conduct as "inadequate medical care, deliberate indifference, neglect and what is believed to be medical malpractice." (Def.'s Aff. [Doc. 23] at 1.) But as explained above, Eighth Amendment claims premised on medical negligence cannot form the basis for a § 1983 action. *Salahuddin,* 467 F.3d at 280. As to Plaintiff's allegations of deliberate indifference, he offers no evidence that the Defendants acted with a sufficiently culpable mental state or that his health was ever at serious risk. Although an H. pylori infection may cause an ulcer, the record shows that Plaintiff did not have an ulcer in March 2006, and there is nothing in Plaintiff's medical history that would have indicated to the Defendants that the prescription of Pepto–Bismol and the subsequent course of treatment was inappropriate.

Reading Sanderson's assertions liberally and even assuming that he did have an ulcer in March 2006, the conduct of the prison staff was still not constitutionally deficient, for all that could be drawn from the facts is that Gergely unadvisedly gave him Pepto–Bismol and his symptoms continued for several more days. Because there is no evidence that Defendants were deliberately indifferent to a sufficiently serious condition, this is not a lapse of constitutional magnitude.

Therefore, with no Eighth Amendment violation demonstrated by this record, Plaintiff's derivative allegations that Defendants failed to provide competent medical staff at CRCI must also fail. It is unnecessary, then, to reach Defendants' alternative bases for summary judgment.

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. # 18] is granted.  The Clerk is directed to close the case.

IT IS SO ORDERED.